## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LEROY PINCKNEY,

    Plaintiff,

v.                                                     CASE NO. 8:03-cv-0295-T-17EAJ

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## ORDER

    This case is before the Court on defendant's motion for summary judgment (Docket No. 9) and response thereto (Docket No. 16) and plaintiff's motion for leave to file memorandum of supplemental authority (Docket No. 19).

## BACKGROUND

    On or about April 1996, the plaintiff applied for the position of mail handler for the United States Post Office. Since the plaintiff had a VA disability rating for back and knee problems, the defendant required an evaluation by an independent certified orthopedic surgeon in order to determine if the plaintiff could meet the requirements of the position. The plaintiff's orthopedic surgeon stated that although he believed the plaintiff could currently perform the job, he would have a greater than fifty percent chance of exacerbating his back problems and requiring stabilization surgery in the near future. The doctor also noted an increased chance of knee problems that could possibly require surgery. This report was sent by the plaintiff to the defendant, and was forwarded to the defendant's Medical Officer for the Suncoast District. After reviewing the report, the medical officer gave the plaintiff a moderate risk/restriction. The defendant's human resource department was given the medical assessment, and based on this assessment declined to hire the plaintiff because the performance of a mail handler's duties, which include picking up and carrying seventy pound boxes, posed a significant risk of serious back problems which would require surgery to stabilize. After four years, during which the plaintiff continued working as a tractor trailer operator, he applied for a position as tractor trailer operator for the defendant. He was again asked to see an orthopedic surgeon, and the doctor

found no reason why the defendant could not fulfill this position.  Consequently, the plaintiff was hired by the defendant in this capacity, and continues to fill this position.

## PROCEDURAL HISTORY

On February 20, 2003, Plaintiff, LEROY PINCKNEY, filed a complaint against Defendants, JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, in the U.S. District Court Middle District of Florida.  In that complaint, the plaintiff sought consequential and compensatory damages and the costs of that action, including reasonable attorney fees, pursuant to § 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1977a, for intentional discrimination on the basis of physical handicap pursuant to 42 U.S.C. § 2000e.  On December 15, 2003, the defendant filed a motion for summary judgment.  On January 16, 2004, the plaintiff filed a memorandum in opposition to defendant's motion for summary judgment.

## STANDARD OF REVIEW

In addressing Rule 56, the Supreme Court, in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), held that: "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. at 2552.  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id., 477 U.S. at 325, 106 S. Ct. at 2553-54.  After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a

sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

## DISCUSSION

In accordance with Fed. R. Civ. P. 56(e), the plaintiff filed a memorandum of opposition to the defendant's motion for summary judgment, containing their proposed material factual disputes. In this memorandum the plaintiff stated the arguments he believes defeat the defendant's motion for summary judgment. Each of the plaintiff's arguments is based on the Rehabilitation Act.

The criteria used to determine if the Rehabilitation Act has been violated in a case alleging nonaffirmative action employment discrimination "shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment." 29 U.S.C.A. §791(g). Since the ADA will be referred to, its Equal Employment Opportunity Commission (EEOC) regulations will also apply. *See*, Mullins v. Crowell, 228 F.3d 1305, 1314, C.A.11 (Ala.), 2000. A person making a claim under the ADA must show that they have a disability, are otherwise qualified for the position with or without reasonable accommodation, and that the defending entity took an improper action because of the disability. Duckett v. Dunlop Tire Corp., 120 F.3d 1222, 1224 (11th Cir. 1997).

In order for a person to be protected by the ADA, they must first prove that they have a disability, as it is defined by the ADA. The statutory definition of a disability "in respect to an individual" is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment or being regarded as having such an impairment." 42 U.S.C.A. § 12102(2). The plaintiff has brought suit claiming that the defendant regards him as disabled.

In order to prove that the defendant regarded him as disabled, the plaintiff has to prove that "as with a real impairment, the perceived impairment is 'substantially limiting.'" Sutton v. Lader, 195 F.3d 1203, 1208 (11th Cir. 1999). In Sutton v. United Air Lines, Inc., the Supreme Court stated that in order for a person to be regarded as disabled, "it is necessary that a covered entity entertain misperceptions about the individual – it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting

impairment when, in fact, the impairment is not so limiting." Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999). The EEOC's regulations for the ADA define a physical impairment as "any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine" 29 CFR § 1630.2(h)(1). It is clear that the plaintiff's VA confirmed back and leg problems were considered a musculoskeletal physical impairment.

Simply showing that the defendant regarded the plaintiff as having a physical impairment, however, is not sufficient for proving disability. The claimant must also show how they were regarded as having an impairment that substantially limits a major life activity. The major life activity in question is the major life activity of working. To be substantially limited for the major life activity of working, a person must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 CFR § 1630.2(j)(3)(i). When determining if a person is substantially limited from working, the following factors may be considered: "The geographical area to which the individual has reasonable access; [t]he job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or [t]he job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes)." 29 CFR § 1630.2(j)(3)(ii)(A-C).

The plaintiff has failed to show anything demonstrating a substantial limitation of the major life activity of working. The plaintiff had access to the entire Tampa Bay area as a job market. The defendant disqualified the plaintiff as a mail carrier, which would only disqualify him from a job requiring the repeated lifting and carrying of objects weighing as much as seventy pounds. There is no evidence showing that this is a substantial number of jobs, and they

would be far outweighed by the amount of available jobs requiring "similar training, knowledge, skills or abilities, within the geographical area" that do not require such heavy lifting and carrying. 29 CFR § 1630.2(j)(3)(ii)(B). To be substantially limited in the major life activity of working, "one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills…are available, one is not precluded from a substantial class of jobs." Watson v. Hughston Sports Medicine Hospital, 231 F.Supp.2d 1344, M.D.Ga., 2002, citing to Sutton v. United Air Lines, Inc., 527 U.S. 471, 492 (1999). The plaintiff received numerous years of training operating heavy equipment during his career service in the military, and, therefore, it is in this field that his skills, training and knowledge reside. These skills have allowed the plaintiff to easily remain gainfully employed. The plaintiff has worked as a tractor-trailer operator, and van driver, for several companies, the latest of which is his current employer, the defendant.

The plaintiff has failed to offer any evidence that the defendant "perceived him as unable to perform the relevant 'class of jobs.'" Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1370 (11th Cir. 1998). Nor has the plaintiff given evidence of the defendant regarding the plaintiff as limited from a "wide range of positions" throughout many classes. The plaintiff claims that the defendant regards the plaintiff as substantially limited from performing "heavy work," implying that "heavy work" is in itself a class of jobs or that it describes a broad range of jobs in many classes. The plaintiff has failed to meet the standards required by Fed. R. Civ. P. 56(e), because he has not provided sufficient evidence to support this claim, instead relying "upon the mere allegations or denials of the adverse party's pleadings." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. The plaintiff's own characterization of the tractor trailer operator position as "heavy work" is evidence that the defendant did not regard the plaintiff as limited from a wide range of positions, since they hired him in this capacity. For the foregoing reasons, the plaintiff has failed to make a prima facie case under the Rehabilitation Act as he has presented no evidence to show that the defendant regarded the plaintiff as substantially limited in the major life activity of working. Accordingly, it is

CASE NO. 8:03-cv-0295-T-17EAJ

**ORDERED** that the Plaintiff's motion for leave to submit memorandum of supplemental authority (Docket No. 19) be **DENIED** and the Defendants' Motion for Summary Judgment (Docket No. 9) be **GRANTED** and the Clerk of Court is **directed** to enter judgment for the defendant and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 16th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record